The Honorable Sandra Prater State Representative 9202 Sayles Road Jacksonville, AR 72076-8899
Dear Representative Prater:
I am writing in response to your request for an opinion concerning A.C.A. § 14-284-225, which addresses the assessment of fire protection district benefits after property has been annexed to a municipality. Your specific questions are as follows:
 1. Who bears the cost of removing such property from the fire protection district's assessment rolls?
 2. If the annexation is appealed and overturned, who bears the cost of placing these properties back on the district's assessment rolls?
RESPONSE
You have not identified any particular "cost" associated with A.C.A. §14-284-225, and I am somewhat uncertain what cost would be involved in complying with this Code section, which provides:
 No property located within the bounds of a municipality shall be assessed, taxed, or required to pay fees to any fire protection district after March 29, 1995, unless:
 (1) There is a mutual, formal agreement between the municipality and the fire protection district to provide fire protection services to the property; or
 (2) Bonded indebtedness for fire protection equipment or facilities was incurred by the fire protection district prior to the date of annexation of such property and the indebtedness incurred before annexation has not been retired.
A.C.A. § 14-284-225 (Repl. 1998).
As was noted by one of my predecessors, this provision refers to property that was outside the corporate limits of a municipality and that, by annexation, is now located within the bounds of a municipality. Op. Att'y Gen. 96-372. Assuming the inapplicability of subsections (1) and (2) under the particular facts, Section 14-284-225 in effect prohibits the continued assessment and collection of fire improvement district benefit assessments or fees against such property after March 29, 1995.[1]
The Code section does not explicitly assign responsibility for ensuring compliance with its requirements. It seems clear, however, from the subchapter's other provisions pertaining to fire protection districts, however, that the district and its assessors, the county clerk and the county collector all have a role in making sure that "[n]o property located within the bounds of a municipality shall be assessed, taxed, or required to pay fees to [the district]."
Regarding the requirement that "no [annexed] property . . . shall be assessed," I believe the fire protection district's board of commissioners ("board") and assessors must bear this responsibility. The power and duty to make assessments of benefits against property in a district lies with the board pursuant to A.C.A. § 14-284-211(4). And the board is required to appoint and compensate assessors who must prepare an assessment list and file the assessment with the county clerk. See
A.C.A. § 14-284-212 and -215. It would seem, based upon these provisions, that the assessors have the power and duty to ensure that the annexed property is removed from the assessment list, and that the adjusted list is provided to the county clerk. The county clerk and collector are responsible, in my opinion, for § 14-284-225's requirement that "no [annexed] property . . . shall be . . . taxed or required to pay [fire protection district] fees. . . ."[2] This reasonably follows from the county clerk's duty to extend the benefit assessment or flat fee assessment upon the tax books (A.C.A. § 14-284-215(a)), and the collector's duty to collect the benefit assessment or fee "so extended, along with the other taxes." Id. at (b). Although fire protection district assessments ordinarily are not viewed as "taxes," the requirement in A.C.A. § 14-284-225 that annexed property not be "taxed" clearly has reference to such assessments, and compliance cannot be had unless the tax books are adjusted. The county clerk must therefore make the necessary changes to the tax books so that no district assessments or fees will be collected contrary to 14-284-225.
These duties are performed by the respective officials pursuant to statute, and there is no suggestion under A.C.A. § 14-284-225 that additional costs will be incurred in complying with its mandate.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Prior to the enactment of this Code section by Act 828 of 1995, there was no authority to remove from the tax roll any fire improvement district area that had been annexed by a city. See Op. Att'y Gen.94-251.
[2] A district is also authorized to impose a flat fee per parcel of land or per land owner. A.C.A. § 14-284-212(g)(1)(A).